## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RICKY MEADOWS,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0064** (BOR Appeal No. 2046105)
(Claim No. 2007212303)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Meadows, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2011, in which the Board affirmed a June 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 5, 2010, decision granting a 5% permanent partial disability for the cervical spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Meadows was working as a shuttle car operator for Kingston Mining, Inc. when he struck his head on a low part of the roof of an underground coal mine while operating a mantrip. The claim was held compensable for thoracic sprain and cervical sprain. On February 15, 2010, Dr. Condaras concluded that Mr. Meadows had a 5% whole person impairment with 5% for the cervical spine and a 0% for the thoracic spine. On May 18, 2010, Dr. Guberman concluded that Mr. Meadows had a 20% whole person impairment with 16% for the cervical spine and 5% for the thoracic spine. On July 13, 2010, Dr. Kominsky concluded that Mr. Meadows had a 19% whole person impairment with 15% for the cervical spine and 5% for the thoracic spine. On

1

February 21, 2011, Dr. Mukkamala concluded that Mr. Meadows had a 15% whole person impairment with 15% for the cervical spine and 0% for the thoracic spine.

The Office of Judges reversed the claims administrator's decision, and held that Mr. Meadows was entitled to a 15% permanent partial disability award for his cervical spine and a 0% permanent partial disability award for his thoracic spine. On appeal, Mr. Meadows disagrees and asserts that the Board of Review erred in holding that he had a 0% impairment for his thoracic spine because Dr. Guberman and Dr. Kominsky both found that he had a 5% impairment for his thoracic spine.

The Office of Judges relied on Dr. Kominsky's and Dr. Mukkamala's recommendations that Mr. Meadows had a 15% impairment for the cervical spine, and concluded that Mr. Meadows had at least a 15% whole person impairment based on these physicians' reports. The Office of Judges granted Mr. Meadows a 15% permanent partial disability award for the cervical spine. The Office of Judges determined that it was difficult to find Dr. Guberman's and Dr. Kominsky's recommendations of a 5% impairment for the thoracic spine credible because Dr. Condaras and Dr. Mukkamala both found 0% impairment for the thoracic spine. Furthermore, Mr. Meadows's medical treatment has all been for the cervical spine except for shortly after the date of injury, and his current complaints are related to the cervical spine. The Office of Judges concluded that the most logical conclusion based on the credible evidence is that Mr. Meadows has a 0% impairment for the thoracic spine. The Board of Review reached the same reasoned conclusions in its decision of December 19, 2011. We agree with the reasoning and conclusions of the Board of Review

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum